Lalji Karsan PATEL, Appellant,

v.

**METROPOLITAN TRANSIT COMMISSION, Respondent.**

No. C8-89-632.

Court of Appeals of Minnesota.

Aug. 22, 1989.

Rodney J. Mason, Gerald P. Barnaby, Chandler and Mason, Ltd., St. Paul, for appellant.

Frederick C. Brown, Russell S. Ponessa, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.

Heard, considered and decided by FORSBERG, P.J., SHORT and FLEMING *, JJ.

## OPINION

FORSBERG, Judge.

Lalji Karsan Patel appeals from a grant of summary judgment to respondent Metropolitan Transit Commission (MTC). We affirm.

## FACTS

The parties entered the following stipulation of facts:

1. On January 30, 1987, at approximately 12:00 noon, a motor vehicle/pedestrian accident occurred at the intersection of Lake Street and Chicago Avenue in Minneapolis, Minnesota. Daniel Jackson was driving an automobile westbound on Lake Street when he ran a red light at the intersection with Chicago Avenue and collided with a southbound automobile driven by Gregg Donaldson.

2. As a result of this collision, the Jackson vehicle spun out of control and struck and injured a pedestrian, plaintiff Lalji Karsan Patel. The Jackson vehicle continued on and struck an MTC bus.

3. At the time of the collision between the automobiles driven by Jackson and Donaldson, the [MTC] bus was stopped alongside the curb at a designated passenger bus stop at the southwest corner of Lake Street at Chicago Avenue, pointed in an easterly direction.

4. The impact between the Jackson and Donaldson vehicles occurred approximately 15–20 feet from the MTC bus.

5. After impact with the Jackson [sic] vehicle, the Jackson vehicle struck Patel and collided with the MTC bus.

6. There is no evidence or allegation that Patel came into contact with the MTC bus.

7. At all times relevant herein, the MTC bus was at a complete stop alongside the curb at a designated passenger bus stop. The MTC bus was not moving immediately before, during, or immediately after the automobile/pedestrian collision which resulted in [Patel's] injuries. Its engine was running and it held a driver and passengers.

8. As a result of the injuries sustained in the accident, [Patel] has incurred medical expenses, income loss and replacement service loss in excess of $200,000.00.

9. The sum of the coverages afforded by the liability and no-fault policies of the Jackson and Donaldson vehicles plus the no-fault coverage of MTC under its self-insurance policy is not sufficient to compensate [Patel] for the basic economic loss benefits payable to him under the framework of the Minnesota No–Fault Act.

10. The no-fault carriers for the two automobiles involved have paid some but not all of the medical expenses and wage losses for which basic economic loss benefits are payable.

MTC admits it has sought and obtained damages from Jackson's insurer for property damage. Patel, who was not an insured under any policy of automobile insurance, brought this action to recover basic economic loss benefits under the no-fault act from MTC.

## ISSUE

Is the MTC bus an "involved motor vehicle" within the meaning of Minn.Stat. § 65B.47, subd. 4(c)?

## ANALYSIS

In reviewing a grant of summary judgment, this court must determine whether a genuine issue of material fact exists and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn. 1979). Since this case was decided on stipulated facts, we need only address whether

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

the trial court erred in its application of law to those facts.

Patel, who was an uninsured pedestrian on the date of the accident, seeks to recover benefits under Minn.Stat. § 65B.47, subd. 4(c) (1986):

The security for payment of basic economic loss benefits applicable to injury to a person not otherwise covered who is not the driver or other occupant of an involved motor vehicle is the security covering *any involved motor vehicle.* An unoccupied parked vehicle is not an involved motor vehicle unless it was parked so as to cause unreasonable risk of injury.

(Emphasis added.)

Patel argues that there need not be any type of causal connection between his injuries and the MTC bus before the bus may be considered an "involved motor vehicle." He insists that such an interpretation is inconsistent with the statute and goes against the underlying policy of the no-fault act by requiring some sort of fault before liability for benefits attaches. Patel also contends that while the legislature did limit the scope of the phrase "any involved motor vehicle" by enunciating a single exception for "unoccupied parked vehicle[s]," that exception does not apply to this case and should not be extended by this court.

In discussing the test to be used for determining what is an involved motor vehicle, one commentator has stated:

What is an involved motor vehicle? The Act says that "an unoccupied parked vehicle is *not* an involved motor vehicle *unless* it was parked so as to cause unreasonable risk of injury." Section 65B.47, subdivision 4(c). The emphasis is not necessarily upon fault, although any vehicle that was negligently operated so as to *cause* the resulting injury would clearly be involved. The focus is perhaps best directed toward identifying vehicles whose use involves the risk which produces the injury. This need not be negligent operation, but does presuppose some connection between the vehicle and the injury.

T. Smetak, *Smetak on the Minnesota No-Fault Act,* at 135–36 (Minnesota Institute of Legal Education 1988) (emphasis in original).

We agree that in order to be considered an "involved motor vehicle," there must be some connection between the vehicle and the injury. In this case, the record fails to show that the MTC bus contributed in any way to the risk of the collision which produced Patel's injuries. It was parked appropriately and legally at a bus stop, and was struck by the Jackson vehicle only *after* the Jackson vehicle had hit Patel.

We must emphasize, however, that our decision here does *not* equate the "involved motor vehicle" standard with the "arising out of the use or maintenance of a motor vehicle" standard found in Minn.Stat. § 65B.46, subd. 1. These two standards are distinct and serve different purposes. To have a claim under the no-fault act, an uninsured pedestrian's injuries must first arise out of the "use or maintenance of a motor vehicle." Once that threshold eligibility requirement has been met, however, the injured pedestrian is entitled to collect benefits from the security covering "any involved motor vehicle." In this case, Patel's injuries clearly arose out of the use or maintenance of a motor vehicle, and he has collected benefits from the insurers of the Jackson and Donaldson vehicles, which were involved motor vehicles. Because there was no connection between the MTC bus and Patel's injuries, however, we conclude that the bus was not an involved motor vehicle within the meaning of Minn. Stat. § 65B.47, subd. 4(c).

Since we conclude that Patel is not entitled to collect benefits from MTC, we need not discuss the additional argument raised by MTC that Patel is precluded from stacking coverages.

## DECISION

The grant of summary judgment to MTC is affirmed.

Affirmed.